IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY ECKERT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3653 |
| | : | |
| POTTSTOWN POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SÁNCHEZ, C.J**                                                                                                            **SEPTEMBER 16, 2022**

        Gary Eckert, an inmate currently housed at the Montgomery County Correctional Facility,[1] filed this Complaint asserting civil rights violations pursuant to 42 U.S.C. § 1983. Eckert names as Defendants the Pottstown Police Department, Pottstown Police Detective "Michael G," and the Pottstown Police "Corporal on night of initial report."[2] Eckert also seeks leave to proceed *in forma pauperis* and has provided a copy of his institutional account statement. For the reasons that follow, the Court will grant Eckert leave to proceed *in forma pauperis* and dismiss the Complaint.

---

[1] A review of public records indicates that Eckert entered a guilty plea on August 27, 2021 to a charge of "stalking/repeatedly committing act to cause fear" after being arrested by the Pottstown Police Department on December 10, 2020. He is serving a sentence of 11 months, 15 days to 23 months incarceration. *See Commonwealth v. Eckert*, CP-46-CR-0000323-2021 (C.P. Montgomery). It is unclear whether the events Eckert describes in his Complaint have any relation to his conviction.

[2] The caption of this case currently reads "Eckert v. G, *et al.*" Although each of these Defendants is listed on the docket, in the attached Order, the Clerk of Court will be directed to correct the caption to reflect that the case should be styled "Eckert v. Pottstown Police Department, *et al.*

1

**I.      FACTUAL ALLEGATIONS**

Eckert alleges that in October 2020 he filed a police report with the Pottstown Police Department that a person named Milly Diaz of Pottstown "had a man pull [a] gun out on me and aim at my head." (Compl. (ECF No. 2) at 5.)³ Eckert made the report to the Defendant he identifies as the Corporal on duty that night. (*Id*.) At that point he did not know the gunman's name, only that Diaz and her daughter Nyasia Tunsil brought the gunman to him. (*Id*.) Later, sometime in January to March 2022, Eckert learned through Diaz's Facebook messages that the identity of the gunman was Jordan Blake, allegedly a detainee currently housed at Berks County Prison charged with possession of a firearm. (*Id*.) He showed those postings to the Pottstown Police Department, but to date no arrest has been made and Pottstown Police officials have not questioned Diaz or Tunsil. (*Id*.) Eckert asserts claims for negligence and failure to protect, and seeks $1 million in damages. (*Id*. at 7-8.)

**II.     STANDARD OF REVIEW**

The Court grants Eckert leave to proceed *in forma pauperis*.⁴ Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this

---

³ The Court adopts the pagination supplied by the CM/ECF docketing system.

⁴ Because Eckert is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Eckert is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the Court must also review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.    DISCUSSION

Eckert filed his Complaint using the form provided to prisoners seeking to file federal constitutional claims pursuant to § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show

that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Rather than assert constitutional claims, Eckert asserts only that the actions of the Defendants constituted negligence and a failure to protect him from harm.

The United States Supreme Court has held that § 1983 claims may not be predicated on a state actor's mere negligence.  *See Canton v. Harris,* 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").  Moreover, "[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."  *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").  Accordingly, to the extent that Eckert is even attempting to raise a constitutional claim under § 1983, the claim must be dismissed with prejudice as not plausible.[5]

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims for negligence

---

[5] Even if Eckert had stated a § 1983 claim, the claim would have to be dismissed with regard to the Pottstown Police Department because, following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g.*, *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality).

and failure to protect.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  It is the plaintiff's burden to establish diversity of citizenship.  *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Eckert does not allege the citizenship of the parties.  Rather, he provides only Pennsylvania addresses for the Defendants and himself (including his pre-incarceration address in Pottstown), which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens.  Accordingly, Eckert has not sufficiently alleged that the parties are

diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.[6]

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Eckert's § 1983 claims with prejudice and his state law claims without prejudice for lack of jurisdiction.  An appropriate order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J**

---

[6] Eckert may reassert these claims in state court.